## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM TILSLEY                         :
138 Horn Ridge                          :
Olive Hill, Kentucky 41164              :
          Plaintiff           :
      v.                     :        CIVIL ACTION - LAW
                          :        JURY TRIAL DEMANDED
HIGH CONCRETE GROUP, LLC                :
6545 Market Avenue N., Ste. 100         :
North Canton, Ohio 44721                :
                          :
HIGH INDUSTRIES, INC.,                  :
d/b/a HIGH CONCRETE GROUP               :
1853 William Penn Way                   :
Lancaster, Pennsylvania 17605           :
          Defendants          :        No.

## COMPLAINT

**NOW** comes Plaintiff William Tilsley, by and through his undersigned counsel, Munley Law, P.C. and aver as follows:

## PARTIES

1.    Plaintiff William Tilsley ("Plaintiff") is a competent adult individual who resides at 138 Horn Ridge, Olive Hill, Kentucky 41164.

2.    Plaintiff is domiciled in Kentucky and therefore is deemed a citizen of the state of Kentucky.

3.    Defendant High Concrete Group, LLC, upon information and belief, is an Ohio limited liability company with a principal place of business located at 125 Denver Road, Denver, Pennsylvania 17517.

4.    Upon information and belief all of the members of Defendant High Concrete Group, LLC are citizens of Ohio.

5.    Defendant High Industries, Inc. d/b/a High Concrete Group, upon information and belief, is a corporation and/or other business entity incorporated in the Commonwealth of Pennsylvania with its principal place of business located at 1853 William Penn Way, Lancaster, Pennsylvania 1765

6.    Defendant High Concrete Group, LLC and Defendant High Industries, inc. d/b/a High Concrete Group will hereinafter be referred to collectively as the "High Concrete Defendants."

## JURISDICTION AND VENUE

7.    The amount in controversy in this matter exceeds the sum or value of $75,000.

8.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

9.    Venue is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

10. Upon information and belief, the High Concrete Defendants own a construction company that produces construction materials including concrete.

11. At all times pertinent hereto, upon information and belief, the High Concrete Defendants contracted with Machinery Transport, Inc. to transport property in interstate commerce on its behalf.

12. At all times pertinent hereto, Machinery Transport, Inc. was the owner of a 2014 Peterbilt 389 tractor, Texas license plate number R130907, operated by Plaintiff.

13. At all times pertinent hereto, Meadowlark Transport was the owner of the flatbed trailer, tag number PT0070M, operated by Plaintiff.

14. On or about March 30, 2021, the Plaintiff went to the High Concrete Defendant's yard in Lancaster, East Cocalico Township, Pennsylvania to pick up a loaded trailer.

15. Upon information and belief, the High Concrete Defendants loaded the aforementioned trailing unit with concrete to be transported by the Plaintiff to a construction site within the Commonwealth of Pennsylvania.

16. Upon information and belief, the High Concrete Defendants knowingly loaded the concrete on a trailing unit where some or all of the lights were not functioning.

17.     Upon information and belief, the High Concrete Defendants knowingly loaded the concrete on a trailing unit that had bent, broken, and sagging supports.

18.     At all times pertinent hereto, the High Concrete Defendants failed to properly secure the concrete on the trailing unit.

19.     Although the High Concrete Defendants were aware of the dangerous condition of the trailing unit, it allowed the Plaintiff to proceed with the delivery.

20.     On or about March 30, 2021, Plaintiff was traveling Westbound on Denver Rad, East Cocalico Township, Lancaster County, Pennsylvania.

21.     At that time, when the Plaintiff was navigating a right hand curve in the road, the trailer collapsed and/or the load shifted left causing the tractor trailer to overturn onto its side.

22.     The load shifted because the High Concrete Defendants loaded the trailer in a negligent, careless, and reckless manner and failed to properly secure the load.

23.     Additionally, the trailer was in a state of disrepair and unable to support the weigh of the load causing the trailer to collapse.

24.     As a direct and proximate result of the negligence, careless, gross, wanton, and reckless conduct of High Concrete Defendants as hereinafter set forth more fully, Plaintiff suffered extensive traumatic injuries including, but not limited

to subacromial impingement, bursitis, rotator cuff tendinitis, supraspinatus and infraspinatus tendinopathy, headaches, left shoulder pain, left arm pain, neck pain, and shock to his nerves and nervous system, all of which caused him, continue to cause him and will cause him for an indefinite time in the future great pain, agony and suffering, both physical and mental.

25.    As a direct and proximate result of the High Concrete Defendant's negligence and the injuries caused by their negligence, Plaintiff has been forced to undergo medical treatment, including but not limited to surgery, injections, x-rays, diagnostic studies, medicines, and physical therapy, and will be forced to undergo medical treatment for an undetermined time in the future.

26.    As a direct and proximate result of the aforesaid impact and resulting injuries sustained, Plaintiff has expended and will/may expend for an indefinite time in the future, various and substantial sums of money for the medicine and medical attention in and about endeavoring to treat and cure himself of his injuries all to his great financial loss and damage.

27.    As a direct and proximate result of the High Concrete Defendant's negligence and the injuries sustained by the Plaintiff as a result of that negligence, the Plaintiff has been and will for an indefinite time in the future, be unable to go about his usual and daily occupations and routines.

28.    As a direct and proximate result of the High Concrete Defendant's negligence and the injuries suffered by the Plaintiff as a result of that negligence, the Plaintiff has been and will for an indefinite time in the future be forced to forego the pleasures of life.

29.    As a direct and proximate result of the High Concrete Defendant's negligence and the injuries sustained by the Plaintiff as a result of that negligence, the Plaintiff has experienced the following damages, losses and disabilities consisting of, but not limited to, the following:

      a.  Past, present, and future pain and suffering;

      b.  Past, present, and future emotional distress and mental anguish;

      c.  Past, present, and future medical expenses;

      d.  Past, present, and future disfigurement and scarring;

      e.  Past, present, and future loss of life's pleasures;

      f.  Past, present, and future loss of earnings and/or loss of earning capacity.

30.    All of the conditions, disabilities, medical impairment and/or injuries suffered by the Plaintiff are directly related to the tortious conduct of the High Concrete Defendants.

**COUNT ONE**
**William Tilsley v. High Concrete Group, LLC**
**Negligence**

31. The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

32. At all times material hereto, Defendant High Concrete Group, LLC was responsible for loading the trailer and ensuring the concrete was loaded safely.

33. At all times material hereto, Defendant High Concrete Group, LLC was responsible for ensuring the concrete was securely loaded on the trailer.

34. At all times material hereto, Defendant High Concrete Group, LLC was responsible for ensuring the concrete was securely tied down.

35. At all times material hereto, Defendant High Concrete Group, LLC was responsible for maintaining the trailer and ensuring that the trailer was not in an unsafe condition.

36. Plaintiff's injury was due to the negligent conduct, careless conduct, and gross wanton, and reckless conduct of Defendant High Concrete Group, LLC individually and by and through its agents, servants, workmen, and/or employees working within the scope of their employment, and in no way due to the negligent act or failure to act on the part of the Plaintiff.

37. The negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant High Concrete Group, LLC individually and by and through its agents, servants, workmen, and/or employees working within the scope of their employment consisted of the following:

a.    Failure to prevent shifting of the load on the trailer in violation of 49 C.F.R. §393.100;

b.    Failure to properly secure the load on the trailer in violation of 49 C.F.R. § 393.106;

c.    Failure to warn the Plaintiff of the unreasonably dangerous condition of the loaded trailer;

d.    Failure to ensure that the trailer was in a safe condition to drive;

e.    Failure to ensure the vehicle lights were working properly;

f.    Failure to properly load the trailer;

g.    Loading the trailer in such a way as to create an unreasonable risk of harm to others including, but not limited to, Plaintiff;

h.    Failure to properly prevent dangerous and hazardous conditions when the Defendant knew or should have known of the conditions;

i.    Failure to properly inspect the trailer for the existence of a dangerous condition or improperly loaded concrete; failure to remove or remediate the unreasonably dangerous condition;

j.    Failure to warn of the unreasonably dangerous condition;

k.    Failure to implement proper policies, procedures, and safety measures related to loading concrete on the trailer;

l.    Failure to properly train, monitor, and/or supervise its agents,

ostensible agents, servants, employees, workmen, including but not limited to employees who loaded the trailer;

m.  Permitting the trailer to leave its facility in an unsafe condition;

n.  Failure to ensure the loaded trailer was safe to drive;

o.  Failure to properly maintain its vehicle;

p.  Failure to secure the load;

q.  Failure to anchor the load to prevent shifting during travel;

r.  Failure to inspect the load to determine whether it was properly secured;

s.  Failure to have proper policies, procedures, and safety measures to ensure trailer loads were properly secured;

t.  failure to properly instruct, train, monitor, and/or supervise its agents, ostensible agents, servants, employees, workmen, including but not limited to employees who loaded the trailer in how to properly anchor and/or secure the load to ensure the load does not shift;

u.  failure to maintain the trailer;

v.  failure to repair the bent, broken, and sagging supports of the trailer;

w.  failure to correct the dangerous condition of the trailer prior to permitting a driver to operate the vehicle in violation of 49 C.F.R. § 396.11(a)(3);

x. failure to inspect, repair, and maintain the trailer in violation of 49

C.F.R. § 396.3;

y. allowing the trailer to be operated in such a condition as to likely

cause an accident or breakdown of the vehicle in violation of 49

C.F.R. § 396.7;

38. As a result of the above-stated acts and omissions, the Plaintiff has suffered injuries, damages and losses as has been previously stated herein.

**WHEREFORE**, Plaintiffs William Tilsley demands judgment against Defendant High Concrete Group, LLC, jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT TWO
### William Tilsley v. High Concrete Group, LLC
### Punitive Damages

39. The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

40. The conduct of Defendant High Concrete Group, LLC was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff. Defendant High Concrete Group, LLC knew or should have known that failing to properly secure the load would result in serious injury to others, including Plaintiff. Defendant High Concrete Group, LLC knew or

should have known that failing to prevent shifting of the load would lead to injury of others. Defendant High Concrete Group, LLC knew or should have known that failing to repair, inspect, and maintain the tractor trailer would result in serious injury to others, including Plaintiff. Defendant High Concrete Group, LLC knew or should have known that failure to repair the bent, broken, and sagging supports of the trailer would result in serious injury to others. Further, Defendant High Concrete Group, LLC knew or should have known that allowing the trailer to be operated in such a condition as to likely cause an accident or breakdown of the vehicle in violation of 49 C.F.R. § 396.7 would result in serious injury to the Plaintiff.

41.    Despite such knowledge, Defendant High Concrete Group, LLC nevertheless failed to prevent shifting of the load on the trailer in violation of 49 C.F.R. §393.100; failed to properly secure the load on the trailer in violation of 49 C.F.R. § 393.106; failed to warn the Plaintiff of the unreasonably dangerous condition of the loaded trailer; failed to ensure that the trailer was in a safe condition to drive; failed to ensure the vehicle lights were working properly; failed to properly load the trailer; loaded the trailer in such a way as to create an unreasonable risk of harm to others including, but not limited to, Plaintiff; failed to properly prevent dangerous and hazardous conditions when the Defendant knew or should have known of the conditions; failed to properly inspect the trailer for the

existence of a dangerous condition or improperly loaded concrete; failed to remove or remediate the unreasonably dangerous condition; failed to warn of the unreasonably dangerous condition; failed to implement proper policies, procedures, and safety measures related to loading concrete on the trailer; failed to properly train, monitor, and/or supervise its agents, ostensible agents, servants, employees, workmen, including but not limited to employees who loaded the trailer; permitted the trailer to leave its facility in an unsafe condition; failed to ensure the loaded trailer was safe to drive; failed to properly maintain its vehicle; failed to secure the load; failed to anchor the load to prevent shifting during travel; failed to inspect the load to determine whether it was properly secured; failed to have proper policies, procedures, and safety measures to ensure trailer loads were properly secured; failed to properly instruct, train, monitor, and/or supervise its agents, ostensible agents, servants, employees, workmen, including but not limited to employees who loaded the trailer in how to properly anchor and/or secure the load to ensure the load does not shift; failed to maintain the trailer; failed to repair the bent, broken, and sagging supports of the trailer; failed to correct the dangerous condition of the trailer prior to permitting a driver to operate the vehicle in violation of 49 C.F.R. § 396.11(a)(3); failed to inspect, repair, and maintain the trailer in violation of 49 C.F.R. § 396.3; and allowed the trailer to be operated in

such a condition as to likely cause an accident or breakdown of the vehicle in violation of 49 C.F.R. § 396.7.

42.    All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff. As a result, the Plaintiff is seeking an award of punitive damages against Defendant High Concrete Group, LLC.

**WHEREFORE**, Plaintiff William Tilsley, demands judgment against Defendant High Concrete Group, LLC, jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT THREE
### William Tilsley v. High Industries, Inc., d/b/a High Concrete Group

43.    The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

44.    At all times material hereto, Defendant High Industries, Inc., d/b/a High Concrete Group was responsible for loading the trailer and ensuring the concrete was loaded safely.

45.    At all times material hereto, Defendant High Industries, Inc., d/b/a High Concrete Group was responsible for ensuring the concrete was securely loaded on the trailer.

46.    At all times material hereto, Defendant High Industries, Inc., d/b/a High Concrete Group was responsible for ensuring the concrete was securely tied down.

47.    At all times material hereto, Defendant High Concrete Group, LLC was responsible for maintaining the trailer and ensuring that the trailer was not in an unsafe condition.

48.    Plaintiff's injury was due to the negligent conduct, careless conduct, and gross wanton, and reckless conduct of Defendant High Industries, Inc., d/b/a High Concrete Group individually and by and through its agents, servants, workmen, and/or employees working within the scope of their employment, and in no way due to the negligent act or failure to act on the part of the Plaintiff.

49.    The negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant High Industries, Inc., d/b/a High Concrete Group individually and by and through its agents, servants, workmen, and/or employees working within the scope of their employment consisted of the following:

a. Failure to prevent shifting of the load on the trailer in violation of 49 C.F.R. §393.100;

b. Failure to properly secure the load on the trailer in violation of 49 C.F.R. § 393.106;

c. Failure to warn the Plaintiff of the unreasonably dangerous condition of

the loaded trailer;

d. Failure to ensure that the trailer was in a safe condition to drive;

e. Failure to ensure the vehicle lights were working properly;

f. Failure to properly load the trailer;

g. Loading the trailer in such a way as to create an unreasonable risk of harm to others including, but not limited to, Plaintiff;

h. Failure to properly prevent dangerous and hazardous conditions when the Defendant knew or should have known of the conditions;

i. Failure to properly inspect the trailer for the existence of a dangerous condition or improperly loaded concrete; failure to remove or remediate the unreasonably dangerous condition;

j. Failure to warn of the unreasonably dangerous condition;

k. Failure to implement proper policies, procedures, and safety measures related to loading concrete on the trailer;

l. Failure to properly train, monitor, and/or supervise its agents, ostensible agents, servants, employees, workmen, including but not limited to employees who loaded the trailer;

m. Permitting the trailer to leave its facility in an unsafe condition;

n. Failure to ensure the loaded trailer was safe to drive;

o. Failure to properly maintain its vehicle;

p.  Failure to secure the load;

q.  Failure to anchor the load to prevent shifting during travel;

r.  Failure to inspect the load to determine whether it was properly secured;

s.  Failure to have proper policies, procedures, and safety measures to ensure trailer loads were properly secured;

t.  failure to properly instruct, train, monitor, and/or supervise its agents, ostensible agents, servants, employees, workmen, including but not limited to employees who loaded the trailer in how to properly anchor and/or secure the load to ensure the load does not shift;

u.  failure to maintain the trailer;

v.  failure to repair the bent, broken, and sagging supports of the trailer;

w.  failure to correct the dangerous condition of the trailer prior to permitting a driver to operate the vehicle in violation of 49 C.F.R. § 396.11(a)(3);

x.  failure to inspect, repair, and maintain the trailer in violation of 49 C.F.R. § 396.3; and

y.  allowing the trailer to be operated in such a condition as to likely cause an accident or breakdown of the vehicle in violation of 49 C.F.R. § 396.7.

50.  As a result of the above-stated acts and omissions, the Plaintiff has suffered injuries, damages and losses as has been previously stated herein.

**WHEREFORE**, Plaintiff William Tilsley demands judgment against Defendant High Industries, Inc. d/b/a High Concrete Group, jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT FOUR
**William Tilsley v. Defendant High Industries, Inc. d/b/a High Concrete Group**
**Punitive Damages**

51.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

52.     The conduct of Defendant High Industries, Inc. d/b/a High Concrete Group was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff. Defendant High Industries, Inc. d/b/a High Concrete Group knew or should have known that failing to properly secure the load would result in serious injury to others, including Plaintiff. Defendant High Industries, Inc. d/b/a High Concrete Group knew or should have known that failing to prevent shifting of the load would lead to injury of others. Defendant High Industries, Inc. d/b/a High Concrete Group knew or should have known that failing to repair, inspect, and maintain the tractor trailer would result in serious injury to Plaintiff. Defendant High Industries, Inc. d/b/a High Concrete Group knew or should have known that failure to repair the bent, broken, and sagging supports of the trailer would result in serious injury to others. Further, Defendant High Industries, Inc. d/b/a High Concrete Group knew or

should have known that allowing the trailer to be operated in such a condition as to likely cause an accident or breakdown of the vehicle in violation of 49 C.F.R. § 396.7 would result in serious injury to others, including Plaintiff.

53.    Despite such knowledge, Defendant High Industries, Inc. d/b/a High Concrete Group nevertheless failed to prevent shifting of the load on the trailer in violation of 49 C.F.R. §393.100; failed to properly secure the load on the trailer in violation of 49 C.F.R. § 393.106; failed to warn the Plaintiff of the unreasonably dangerous condition of the loaded trailer; failed to ensure the trailer was in a safe condition to drive; failed to ensure the vehicle lights were working properly; failed to properly load the trailer; loaded the trailer in such a way as to create an unreasonable risk of harm to others including, but not limited to, Plaintiff; failed to properly prevent dangerous and hazardous conditions when the Defendant knew or should have known of the conditions; failed to properly inspect the trailer for the existence of a dangerous condition or improperly loaded concrete; failed to remove or remediate the unreasonably dangerous condition; failed to warn of the unreasonably dangerous condition; failed to implement proper policies, procedures, and safety measures related to loading concrete on the trailer; failed to properly train, monitor, and/or supervise its agents, ostensible agents, servants, employees, workmen, including but not limited to employees who loaded the trailer; permitted the trailer to leave its facility in an unsafe condition; failed to

ensure the loaded trailer was safe to drive; failed to properly maintain its vehicle; failed to secure the load;  failed to anchor the load to prevent shifting during travel; failed to inspect the load to determine whether it was properly secured;  failed to have proper policies, procedures, and safety measures to ensure trailer loads were properly secured; failed to properly instruct, train, monitor, and/or supervise its agents, ostensible agents, servants, employees, workmen, including but not limited to employees who loaded the trailer in how to properly anchor and/or secure the load to ensure the load does not shift; failed to maintain the trailer; failed to repair the bent, broken, and sagging supports of the trailer; failed to correct the dangerous condition of the trailer prior to permitting a driver to operate the vehicle in violation of 49 C.F.R. § 396.11(a)(3); failed to inspect, repair, and maintain the trailer in violation of 49 C.F.R. § 396.3; and allowed the trailer to be operated in such a condition as to likely cause an accident or breakdown of the vehicle in violation of 49 C.F.R. § 396.7.

54.    All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff. As a result, the Plaintiff is seeking an award of punitive damages against Defendant High Industries, Inc. d/b/a High Concrete Group.

**WHEREFORE**, Plaintiff William Tilsley, demands judgment against Defendant High Industries, Inc. d/b/a High Concrete Group, jointly and severally,

in an amount in excess of $75,000.00 plus interest, costs and such other relief as

this Court deems appropriate.

MUNLEY LAW, PC

By: _Robert W. Munley III_

Robert W. Munley, III
I.D. No. 79706
Mackenzie Wilson
I.D. No. 330807